UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-155-H

AMERISPEC, INC.                                                                                                PLAINTIFF

V.

VORNHOLT, INC., SHARON
VORNHOLT, DEBBIE VORNHOLT,
AND PREMIER HOME INSPECTION, INC.                                                      DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, AmeriSpec, Inc., has moved for a Preliminary Injunction. The Court has reviewed the request and has discussed the relevant issues with counsel during a conference. After that conference, the Court concluded that Plaintiff is entitled to relief now with an opportunity for Defendants to obtain an immediate hearing should they believe that the evidence warrants. AmeriSpec seeks the injunctive relief based upon a non-compete clause contained in a Franchise Agreement executed by Defendants, Vornholt, Inc. and Sharon Vornholt. Now, Sharon Vornholt's daughter, Debbie, has taken over the business and is competing against Amerispec.

In the Sixth Circuit, a district court may grant preliminary injunctive relief if the movant shows the following: (1) likelihood of success on the merits; (2) the threat of irreparable harm to the movant absent the injunction; (3) the balance of harms weighs in favor of the movant; and (4) the effect of an injunction on the public interest. *Déjà Vu of Nashville, Inc. v. Metropolitan Government of Nashville and Davidson County, Tennessee*, 274 F.3d 377, 400 (6th Cir. 2001).

The four factors are to be balanced against one another and should not be considered prerequisites to the grant of a preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Of those four factors, the first is the most significant. "[I]f a party demonstrates substantial likelihood of success on the merits, the three other factors will favor the party as well." *Total Car Franchising Corp. v. L&S Paint Works, Inc.*, 981 F.Supp. 1079, 1081 (M.D. Tenn. 1997). Under the above factors, AmeriSpec is entitled to the injunctive relief it seeks here.

Based upon the representations of counsel, the Court concludes that the non-compete agreement is enforceable against Vornholt, Inc. and Sharon and Debbie Vornholt in these circumstances. Thus, AmeriSpec is likely to prevail in its claims. Without the injunctive relief, AmeriSpec will be damaged by Defendants' use of its name, telephone number and trade information. Should Defendants uncover evidence to the contrary the Court can set an immediate hearing.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record